**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4386**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN O. BOBO,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:08-cr-01012-GRA-1)

─────────────

Submitted: May 17, 2010               Decided: June 18, 2010

─────────────

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Benjamin   T.   Stepp,   Assistant   Federal   Public   Defender,
Greenville, South Carolina, for Appellant.   William Corley
Lucius,  Assistant  United  States  Attorney,  Greenville,  South
Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian O. Bobo appeals the sentence of thirty-seven months' imprisonment and three years of supervised release imposed following his guilty plea to conspiracy to defraud the United States, in violation of 18 U.S.C. § 286 (2006). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in sentencing Bobo to three years of supervised release, but concluding that there are no meritorious grounds for appeal. Bobo did not file a pro se supplemental brief and the Government elected not to file a brief. We previously placed this case in abeyance pending the outcome of United States v. Peake, No. 08-5132. As our mandate has now issued in Peake, this case has been removed from abeyance, and is ripe for review.

"Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for both procedural and substantive reasonableness. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the

defendant's advisory guidelines range. <u>Gall</u>, 552 U.S. at 49-50. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. <u>Id.</u> at 51; <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" <u>Pauley</u>, 511 F.3d at 473 (quoting <u>Gall</u>, 552 U.S. at 51).

We afford sentences that fall within the properly calculated guidelines range a presumption of reasonableness. <u>See</u> <u>Gall</u>, 552 U.S. at 51. This presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

Though Bobo's counsel assigns error to the district court's imposition of three years of supervised release, we note that Bobo's entire sentence is procedurally unreasonable, as the district court failed to adequately explain it. We recently

3

held, in United States v. Carter, 564 F.3d 325 (4th Cir. 2009), that a district court must conduct an "individualized assessment" of the particular facts of every sentence on the record, whether the court imposes a sentence above, below, or within the guidelines range. Id. at 330. Here, the district court summarized its reasons for Bobo's sentence as follows:

> After having considered the Sentencing Reform Act of 1984, and the advisory nature of the sentencing guidelines, and the discretionary nature of the sentencing factors in 18 U.S.C. § 3553(a), it is the sentence of this court that you, Brian O. Bobo, are hereby committed to the custody of the Bureau of Prisons for a term of 37 months.

The district court failed to provide any reasons why a guidelines sentence was appropriate for Bobo or why it chose to sentence him at the low end of the advisory guideline range. Therefore, it is clear that the district court failed to provide an individualized assessment as required by Carter.

However, Bobo did not object to the adequacy of the district court's explanation in the district court. Where a defendant does not object to a district court's failure to explain an imposed sentence, or otherwise preserve the issue for review by requesting a sentence shorter than the one he received, this court's review is for plain error. See United States v. Lynn, 592 F.3d 572, 576-78 (4th Cir. 2010). Under plain error review,

4

an appellate court may correct an error not brought to the attention of the trial court if (1) there is an error (2) that is plain and (3) that affects substantial rights. If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted).

The district court sentenced Bobo before we issued Carter, and thus without the benefit of that opinion. Even if we were to deem the district court's error plain, however, it did not affect Bobo's substantial rights. Bobo's attorney requested a prison sentence of thirty-seven months, which fell at the bottom of the guideline range. The district court acquiesced, and imposed a period of incarceration of thirty-seven months. Accordingly, because Bobo cannot show that the district court's failure to provide an individualized assessment on the record resulted in a longer sentence than would otherwise

have been imposed, the error did not affect his substantial rights, and is therefore not cognizable on appeal.

Bobo's attorney's substantive claim, that the district court erred in sentencing him to three years of supervised release, is equally unavailing. As Bobo's offense of conviction was a Class C felony, see 18 U.S.C. § 3581(b)(3) (2006), the guidelines recommend a term of supervised release of at least two but not more than three years. United States Sentencing Guidelines Manual § 5D1.2(a)(2). Because Bobo's sentence of three years of supervised release following his active prison term fell within that range, we afford it a presumption of reasonableness. As Bobo is unable to show that the sentence is unreasonable when measured against the § 3553(a) factors, this claim is without merit.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires counsel to inform Bobo, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests such petition be filed, but counsel believes that doing so would be frivolous, counsel may move this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served

on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED